William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*
*Eisai R&D Management Co., Ltd.,*
*Eisai Co., Ltd., and Eisai Inc.*

*Of Counsel*:

Bruce M. Wexler
Melanie R. Rupert
David A. Chen
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
(212) 318-6000

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EISAI R&D MANAGEMENT CO., LTD.;<br>EISAI CO., LTD.; and EISAI INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC. and<br>DR. REDDY'S LABORATORIES, LTD.,<br><br>Defendants. | Civil Action No. 22-5950<br><br>*Document Electronically Filed*<br><br>**COMPLAINT FOR<br>PATENT INFRINGEMENT** |

Plaintiffs Eisai R&D Management Co., Ltd., Eisai Co., Ltd., and Eisai Inc. (collectively,

"Eisai" or "Plaintiffs"), for their Complaint against Defendants Dr. Reddy's Laboratories, Inc.

and Dr. Reddy's Laboratories, Ltd. ("DRL" or "Defendants"), hereby allege as follows:

## THE PARTIES

1.     Plaintiff Eisai R&D Management Co., Ltd. ("ERDC") is a Japanese

corporation having a principal place of business at 6-10 Koishikawa 4-Chome, Bunkyo-ku,

Tokyo 112-8088, Japan.

2.     Plaintiff Eisai Co., Ltd. ("ECL") is a Japanese corporation having a principal place of business at 6-10 Koishikawa 4-Chome, Bunkyo-ku, Tokyo 112-8088, Japan.

3.     Plaintiff Eisai Inc. ("ESI") is a Delaware corporation having a principal place of business at 200 Metro Boulevard, Nutley, New Jersey 07110.  ESI is a wholly-owned indirect subsidiary of ECL.

4.     Upon information and belief, Defendant Dr. Reddy's Laboratories, Ltd. ("DRL Ltd.") is an Indian corporation having a principal place of business at 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telangana 500034, India.

5.     Upon information and belief, DRL Ltd., either directly or through one or more of its wholly-owned subsidiaries and/or agents, develops, manufactures imports, markets, distributes, offers for sale, and/or sells generic pharmaceutical versions of branded products throughout the United States, including in the State of New Jersey.

6.     Upon information and belief, Defendant Dr. Reddy's Laboratories, Inc. ("DRL Inc.") is a New Jersey corporation having a principal place of business in the State of New Jersey at 107 College Road East, Princeton, New Jersey 08540.

7.     Upon information and belief, DRL Inc. is a wholly-owned subsidiary of DRL Ltd.

8.     Upon information and belief, DRL Inc. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100518911.

9.     Upon information and belief, DRL Inc. is registered with the State of New Jersey's Department of Health as a drug manufacturer and wholesaler under Registration No. 5002312.

10. Upon information and belief, DRL Inc. develops, manufactures, imports, markets, distributes, offers for sale, and/or sells generic versions of branded pharmaceutical products throughout the United States, including in the State of New Jersey.

## NATURE OF THE ACTION

11. This is a civil action for infringement of U.S. Patent No. RE 46,965 ("the '965 patent" or "the patent-in-suit"). This action arises under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. DRL sent ERDC and ESI a letter via UPS Courier, dated August 24, 2022, which ERDC received on August 26, 2022 and ESI received on August 29, 2022, providing notice of DRL's Paragraph IV certification with respect to the '965 patent ("DRL's Paragraph IV notice letter"). DRL's Paragraph IV notice letter states that DRL had submitted Abbreviated New Drug Application ("ANDA") No. 217473 seeking approval from the United States Food and Drug Administration ("FDA") to engage in the manufacture, use, offer for sale, and/or sale within the United States, and/or importation into the United States of generic eribulin mesylate injection (0.5 mg/mL) ("DRL's ANDA Product") prior to the expiration of the '965 patent. ESI received DRL's Paragraph IV notice letter in the State of New Jersey.

14. Venue is proper in this Court as to DRL Ltd. under 28 U.S.C. §§ 1391(c)(3) and/or 1400(b) because DRL Ltd. is a foreign corporation and may be sued in any judicial district in the United States in which DRL Ltd. is subject to the court's personal

- 3 -

jurisdiction.  Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

15.     This Court has personal jurisdiction over DRL Ltd., and venue is proper as to DRL Ltd., because, *inter alia*, DRL Ltd.:  (1) directs and/or controls DRL Inc., which has a principal place of business and business address in New Jersey; (2) has purposely availed itself of the privilege of doing business in New Jersey, directly or indirectly through its subsidiary, agent, and/or alter ego; (3) maintains pervasive, continuous, and systemic contacts with the State of New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical drugs in New Jersey; (4) upon information and belief, derives substantial revenue from the sale of its products in New Jersey; and (5) upon information and belief, intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute DRL's ANDA Product throughout the State of New Jersey.

16.     This Court has personal jurisdiction over DRL Ltd. because, *inter alia*, DRL Ltd. has availed itself of the legal protections of the State of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District.  *See*, *e.g*., *Celgene Corp. v. Dr. Reddy's Lab'ys, Ltd., and Dr. Reddy's Lab'ys, Inc.*, No. 2:21-cv-02111 (ES) (MAH).

17.     DRL Ltd. has further availed itself of the jurisdiction of courts in this Judicial District by previously initiating litigation in this Judicial District.  *See, e.g.*, *Dr. Reddy's Lab'ys, Inc., and Dr. Reddy's Lab'ys, Ltd., Inc. v. Purdue Pharm. Prods. Ltd., et al.*, Civil Action No. 2:14-cv-03230 (JLL) (JAD).

18.     Alternatively, should the Court find that the above facts do not establish personal jurisdiction over DRL Ltd. in this action, this Court may exercise jurisdiction over DRL

- 4 -

Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because (1) Plaintiffs' claims arise under federal law; (2) DRL Ltd. is a foreign defendant not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) DRL Ltd. has sufficient contacts with the United States as a whole, including but not limited to submitting various ANDAs to the FDA and manufacturing, importing, offering to sell, or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over DRL Ltd. satisfies due process.

19.    Venue is proper in this Court as to DRL Inc. under 28 U.S.C. §§ 1391 and/or 1400(b) because DRL Inc. has committed acts of infringement and has a regular and established place of business in this Judicial District.  Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

20.    This Court has personal jurisdiction over DRL Inc., and venue is proper as to DRL Inc., because, *inter alia*, DRL Inc.: (1) has a principal place of business and business addresses in New Jersey; (2) has employees in the places of business it maintains in New Jersey; (3) has purposely availed itself of the privilege of doing business in New Jersey, including securing a New Jersey wholesale drug distributor's license (Registration No. 5002312) and New Jersey Business Entity identification numbers (Registration No. 0100518911); (4) develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including in the State of New Jersey; (5) directly or indirectly markets, distributes, and/or sells its generic pharmaceutical drugs in the State of New Jersey; (6) directly or indirectly maintains pervasive, continuous, and systematic contacts with the State of New Jersey, including through a network of wholesalers and distributors, for the purposes of marketing, distribution, and/or sale of generic pharmaceutical drugs in New Jersey; (7) enjoys

substantial income from sales of its generic pharmaceutical drugs in the State of New Jersey; and (8) upon information and belief, intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute DRL's ANDA Product throughout the State of New Jersey.

21.    This Court has personal jurisdiction over DRL Inc. because, *inter alia*, DRL Inc. has availed itself of the legal protections of the State of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District.  *See*, *e.g*., *Celgene Corp. v. Dr. Reddy's Lab'ys, Ltd., and Dr. Reddy's Lab'ys, Inc.*, No. 2:21-cv-02111 (ES) (MAH).

22.    DRL Inc. has further availed itself of the jurisdiction of courts in this Judicial District by previously initiating litigation in this Judicial District.  *See, e.g.*, *Dr. Reddy's Lab'ys, Inc., and Dr. Reddy's Lab'ys, Ltd., Inc. v. Purdue Pharm. Prods. Ltd., et al.*, Civil Action No. 2:14-cv-03230 (JLL) (JAD).

23.    This Court also has personal jurisdiction over DRL because, *inter alia*, DRL Ltd. and DRL Inc. have each committed, aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement, including acts in the State of New Jersey, that have led to foreseeable harm and injury to Eisai in the State of New Jersey.

24.    Upon information and belief, DRL Ltd. and DRL Inc. are agents of each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to DRL's proposed product that is the subject of ANDA No. 217473, for which DRL has sought approval from the FDA.

25. Upon information and belief, DRL Ltd. and DRL Inc. are acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to DRL's ANDA Product, for which DRL has sought approval from the FDA.

26. Upon information and belief, DRL Ltd., alone and/or together with its affiliate and agent DRL Inc., filed or caused to be filed ANDA No. 217473 with the FDA.

27. Upon information and belief, the actions of DRL Inc. of, *inter alia*, causing DRL's ANDA No. 217473 to be filed and maintaining its distribution channels, including in the State of New Jersey, establish that if granted approval, DRL Inc. will commercially manufacture, use, offer to sell, sell, and/or import DRL's ANDA Product throughout the United States, including in New Jersey.

## THE PATENT-IN-SUIT

28. ESI is the holder of New Drug Application ("NDA") No. 201532 for eribulin mesylate injection for intravenous use, available in single-use vials containing eribulin mesylate at 1 mg/2 mL (0.5 mg/mL). ESI markets and sells the eribulin mesylate injection that is the subject of NDA No. 201532 in the United States under the brand name Halaven®.

29. Halaven® has been approved by the FDA to treat patients with metastatic breast cancer who have previously received at least two chemotherapeutic regimens for the treatment of metastatic disease, and prior therapy should have included an anthracycline and a taxane in either the adjuvant or metastatic setting. Halaven® has also been approved by the FDA to treat patients with unresectable or metastatic liposarcoma who have received a prior anthracycline-containing regimen.

30.     On July 24, 2018, the '965 patent, titled "Intermediates for the Preparation of Analogs of Halichondrin B," was issued by the United States Patent and Trademark Office.  A true and correct copy of the '965 patent is attached to this Complaint as Exhibit A.

31.     ERDC owns the '965 patent.  ECL is an exclusive licensee of the '965 patent.  ESI, a wholly-owned subsidiary of ECL, is an exclusive sublicensee of certain rights to the '965 patent, including the right to market and sell Halaven® in the United States.

32.     Pursuant to 21 U.S.C. § 355(b)(l), the '965 patent is listed in the FDA publication titled, *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the "Orange Book") as covering Halaven®.

## ACTS GIVING RISE TO THIS ACTION

33.     Upon information and belief, DRL submitted ANDA No. 217473 to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA") (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of DRL's ANDA Product prior to the expiration of the '965 patent.  Upon information and belief, DRL's ANDA No. 217473 contains a certification with respect to the '965 patent under the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV certification").

34.     Upon information and belief, DRL sent a Paragraph IV notice letter, dated August 24, 2022 and received by ERDC on August 26, 2022 and by ESI on August 29, 2022, to ERDC and ESI via UPS Courier.  In its Paragraph IV notice letter, DRL represented that its ANDA No. 217473 included a Paragraph IV certification with respect to the '965 patent, and that DRL is seeking approval of ANDA No. 217473 prior to the expiration of the '965 patent.

35.     The filing of DRL's ANDA with its Paragraph IV certification constituted an act of infringement under the Hatch-Waxman Act, 35 U.S.C. § 271(e)(2).

36.     DRL's Paragraph IV notice letter included an Offer of Confidential Access ("OCA").  DRL's OCA proposed limiting Eisai's access to "Confidential DRL Information" to a subset of information from DRL's ANDA No. 217473 which would have been selected by DRL.  Shortly after receiving DRL's Paragraph IV notice letter, Eisai requested that DRL's OCA be revised to provide Eisai with access to a complete copy of DRL's ANDA No. 217473, a complete copy of each Drug Master File ("DMF") referenced in DRL's ANDA No. 217473, and certain amounts of unexpired samples of DRL's ANDA Product and the active pharmaceutical ingredient contained within DRL's ANDA Product.  Eisai's request was made pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III).

37.     On October 4, 2022, DRL responded to Eisai's request with further proposed revisions to DRL's OCA that, *inter alia*, reflected that DRL would not provide Eisai with the materials and information that Eisai requested.

38.     Since receipt of DRL's October 4, 2022 response, Eisai and DRL have continued to attempt to negotiate the terms of an OCA.

39.     As of the date that this Complaint is being filed, Eisai and DRL have not entered into an OCA, and Eisai has not received any documents or things from DRL.

40.     Plaintiffs are not aware of any other means, other than discovery in this lawsuit, to obtain information regarding DRL's ANDA Product.  In the absence of receiving such information within the 45-day statutory period, Plaintiffs will utilize the judicial process and the aid of discovery to obtain, under appropriate judicial safeguards, such information as is

required to support their allegations of infringement and to present the Court with evidence that DRL's ANDA Product falls within the scope of one or more claims of the '965 patent.

41.     Eisai is commencing this action within 45 days of the date of receipt of DRL's Paragraph IV notice letter in accordance with the time frame for filing such a suit established by the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(B)(iii).

## CLAIM FOR RELIEF – INFRINGEMENT BY DRL

42.     Eisai re-alleges paragraphs 1-42 as if fully set forth herein.

43.     By submitting ANDA No. 217473 to the FDA seeking approval to engage in the manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of DRL's ANDA Product prior to the expiration of the '965 patent, DRL has infringed the claims of the '965 patent under 35 U.S.C. § 271(e)(2)(A).

44.     Upon information and belief, DRL intends to and will engage in the manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of DRL's ANDA Product upon receipt of final approval of ANDA No. 217473 by the FDA.

45.     If DRL manufactures, uses, offers to sell, or sells within the United States, and/or imports into the United States, DRL's ANDA Product prior to the expiration of the '965 patent, DRL will infringe the claims of the '965 patent under, *inter alia*, 35 U.S.C. § 271(a).

46.     Eisai will be irreparably harmed by DRL's infringing activities unless those activities are enjoined by this Court.  Eisai does not have an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Eisai requests the Court grant the following relief:

A.     A Judgment decreeing that DRL has infringed the '965 patent;

B.      A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) and 35 U.S.C. § 283 restraining and enjoining DRL, its directors, officers, agents, attorneys, affiliates, divisions, successors, and employees, and those acting in concert with DRL, from infringing the '965 patent by the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of DRL's ANDA Product;

C.      An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any FDA approval of ANDA No. 217473 be a date that is not earlier than the expiration of the '965 patent, including any patent term extension or exclusivity for the '965 patent to which Eisai is or becomes entitled;

D.      An award of monetary relief to the extent DRL commercially manufactures, uses, offers to sell, or sells within the United States, or imports into the United States, any product that infringes the '965 patent prior to the expiration of the '965 patent, including any later expiration of any patent term extension or exclusivity for the '965 patent to which Eisai is or becomes entitled, and that any such monetary relief be awarded to Eisai with prejudgment interest; and

E.      Such other and further relief as the Court may deem just and proper.

Dated:  October 7, 2022
        Newark, New Jersey

*Of Counsel:*

Bruce M. Wexler (*pro hac vice* to be submitted)
Melanie R. Rupert (*pro hac vice* to be submitted)
David A. Chen (*pro hac vice* to be submitted)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
(212) 318-6000

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel:  (973) 596-4500
Fax:  (973) 596-0545
wdeni@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*
*Eisai R&D Management Co., Ltd.,*
*Eisai Co., Ltd., and Eisai Inc.*